RECEIVED
JAN 19 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Daniel N. Rosen (ID# 0250909)
Rosen LLC
60 South 6th Street Suite 2800
Minneapolis, MN 55402
612-770-2900
rosen@danielnrosen.com

United States District Court
District of Minnesota

**TO BE SUBMITTED UNDER SEAL**

United States of America ex rel.
TZAC, Inc.,

        Plaintiff-Relator,

- against -

Institute for Agriculture and Trade Policy,

        Defendant.

Index No.:

**COMPLAINT**

Plaintiff-Relator, complaining of the Defendant by its attorney, Daniel N. Rosen, respectfully sets forth and alleges as follows:

## I. Nature of the Case

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, TZAC, Inc. ("The Zionist Advocacy Center" or "Relator"), alleges that the Defendant obtained disaster relief by fraudulently representing the nature of its operations.

## II. Parties

2. Defendant Institute for Agriculture and Trade Policy ("Defendant" or "IATP") is a Minnesota not-for-profit corporation. On its web site, IATP describes itself as follows:

> Who are we?
>
> IATP is a nonprofit think tank and policy advocacy organization with its headquarters in Minneapolis, MN. We have a 35-year history of pursuing just and resilient food and

SCANNED
JAN 19 2023
U.S. DISTRICT COURT MPLS

agriculture policies that benefit family farmers, food and agriculture workers, rural communities and the planet. Our team of 17 staff work locally, nationally and globally, connecting the dots in the food system. We match high-level research and analysis with on-the-ground engagement to bring good policy into practice. In addition to Minneapolis, we have small offices in Washington, D.C. and Berlin, Germany.

3. Relator TZAC, Inc. ("The Zionist Advocacy Center" or "Relator" or "Plaintiff") is a New York business corporation with a principal place of business in the State of New York, County of Delaware.

### III. Compliance With Requirements of Suit

4. This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for this District.

5. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

### IV. Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.

7. In this case, the Defendant is duly incorporated in the State of Minnesota, maintaining its registered office at 2105 1st Ave S Minneapolis, Minnesota 55404. Additionally, the Defendant maintains its main office at 1700 Second Street NE, Suite 200 Minneapolis, Minnesota 55413. To be clear, this office is not the basis of personal jurisdiction. Since the False Claims Act is a national service-of-process statute, personal jurisdiction is based on the Defendant's contacts with the United States as a whole and not just Minnesota.

## V. The Fraudulent Scheme

8. The Defendant received Second Round PPP Disaster Relief as follows:

| Date | Amount | Loan Number | Forgiven |
|---|---|---|---|
| March 23, 2021 | $198,552.50 | 6550158601 | June 13, 2022 |

9. In order to be eligible for this loan the Defendant had to certify, among other things, as follows:

> The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

10. At all times relevant to this matter the foregoing certification was completely false. In reality, the Defendant explicitly describes itself as a "think tank" on its web site.

11. As a result of this fraudulent certification, Defendant received some $198,552.50 in funds of the United States.

## VI. Cause of Action

12. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

13. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

14. Thus, the certification of Defendant violated the False Claims Act because it was false and required for eligibility for Second Round PPP monies.

## VII. Relief Sought

15. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

16. Defendant received some $198,552.50 in Second Round PPP Relief. These funds would have been received as a result of the fraudulent certification described above.

17. Accordingly, Relator seeks judgment in the amount of $595,657.50 against Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Daniel N. Rosen
_____

Daniel N. Rosen (ID# 0250909)
Rosen LLC
60 South 6th Street Suite 2800
Minneapolis, MN 55402
612-770-2900
rosen@danielnrosen.com

Dated: Minneapolis, MN
       January 15, 2023